CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

4/16/2024

LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

### Charlottesville Division

**MICHAEL ALLEN CUMMINGS JR.**
**Plaintiff**

v.

**EQUIFAX INFORMATION SERVICES LLC**
**EQUIFAX, INC,**
**EXPERIAN INFORMATION SOLUTIONS INC**
**EXPERIAN PLC**
**TRANSUNION HOLDING COMPANY, INC**
**Defendants**

## COMPLAINT

**Comes now**, the Plaintiff Michael Allen Cummings Jr., and as and for his complaint states as follows:

1 The United States District Court for the Western District of Virginia has jurisdiction of this action pursuant to 28 USC 1331 because the Fair Credit Reporting Act ("FCRA") 15 USC 1681 et seq is a federal consumer protection law providing a private right of action.

2. Plaintiff Michael Allen Cummings, Jr. is a natural person and consumer residing in the Western District of Virginia, Charlottesville Division.

3. Equifax Information Services LLC and/or Equifax, Inc. ("Equifax") is a company that regularly evaluates and reports consumer credit information to third parties through interstate commerce and is a "consumer reporting agency" as defined by the FCRA at 15 USC 1681a(f)

4. Experian Information Solutions Inc. and/or Experian PLC ("Experian") is a company that regularly evaluates and reports consumer credit information to third parties through interstate commerce and is a "consumer reporting agency" as defined by the FCRA at 15 USC 1681a(f)

5. Transunion Holding Company, Inc. ("Transunion") is a company that regularly evaluates and reports consumer credit information to third parties through interstate commerce and is a "consumer reporting agency" as defined by the FCRA at 15 USC 1681a(f)

6. The venue and division of this Court are proper because all defendants regularly transact business here and Plaintiff has lived in this district at all material times.

7. On August 6, 2022, the Plaintiff sent Equifax, Experian and Transunion detailed letters disputing the accuracy of their credit reports with respect to certain debts listed on said letters. Redacted copies of said letters are attached hereto and incorporated herein by reference.

8. The core issue common to each dispute is that there are debts on the Plaintiff's credit reports that were incurred by the Plaintiff's natural father, Michael Allen Cummings, but that were not incurred, contracted, or otherwise debts owed by the, Plaintiff, Michael Allen Cummings, Jr.

9. Defendants failed to conduct a reasonable timely investigation after receiving Plaintiff's dispute letters, resulting in the continued reporting of this false derogatory information on Plaintiff's credit reports with respect to the debts identified on the letters.

10. Defendants failed to correct the credit reports to remove the false derogatory information and continued to list the debts of Plaintiffs' father on Plaintiff's credit reports.

11. The Plaintiff seeks to have removed the false derogatory information from the credit reports that lists the debts of Plaintiff's father as his own and continues to harm his credit standing.

12. The Plaintiff has severed severe ongoing emotional harm, including frustration, stress, anxiety worry, damage to reputation and economic losses, including but not limited to damage to his credit, lower credit scores and lost opportunities to receive credit, in amounts to be determined at trial, plus reasonable attorney's fees on this behalf expended.

## COUNT ONE (EQUIFAX)

13. The allegations of paragraph 1-12 are incorporated herein.

14. From August 6, 2022 to the present Equifax willfully or negligently failed to comply with its responsibilities under the FCRA found at 15 USC1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit reports, and failed to comply with its reinvestigation responsibilities found at 15 USC 1681i

15. As a result of Equifax's willful or negligent failure to comply with the FCRA, Plaintiff is entitled to compensation for his damages alleged above, punitive damages (upon a determination of a willful violation) and reimbursement of reasonable attorney's fees and costs under 15 USC 1681n/o.

## COUNT TWO (EXPERIAN)

16. The allegations of paragraph 1-12 are incorporated herein.

17. From August 6, 2022 to the present Experian willfully or negligently failed to comply with its responsibilities under the FCRA found at 15 USC1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit reports, and failed to comply with its reinvestigation responsibilities found at 15 USC 1681i

18.  As a result of Experian's willful or negligent failure to comply with the FCRA, Plaintiff is entitled to compensation for his damages alleged above, punitive damages (upon a determination of a willful violation) and reimbursement of reasonable attorney's fees and costs under 15 USC 1681n/o.

## COUNT THREE (TRANSUNION)

19. The allegations of paragraph 1-12 are incorporated herein.

20.  From August 6, 2022 to the present Transunion willfully or negligently failed to comply with its responsibilities under the FCRA found at 15 USC1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit reports, and failed to comply with its reinvestigation responsibilities found at 15 USC 1681i

21.  As a result of Transunion's willful or negligent failure to comply with the FCRA, Plaintiff is entitled to compensation for his damages alleged above, punitive damages (upon a determination of a willful violation) and reimbursement of reasonable attorney's fees and costs under 15 USC 1681n/o.

Wherefore for the foregoing reasons, Plaintiff's seeks judgment against the Defendants' jointly and severally for the following:

1 An order compelling correction of the credit reports;
2.An award of actual and/or statutory damages;
3 An award of punitive damages;
4 An award of reasonable attorney's fees on this behalf expended; and
5. Any other equitable relief the court deems just and fair.

/s/ Steven Shareff

Steven Shareff, Esquire
VSB#24323
PO Box 729
Louisa VA 23093
(540) 748 2176
(540) 967-0375 (fax)
Sresearch39@aol.com

/s/ Steven Shareff

PLAINTIFF DEMANDS TRIAL BY JURY